IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| H.J., a minor, by and through her natural mother and duly appointed Next Friend, SHANNON LEEPER, )<br>)<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>OLATHE UNIFIED SCHOOL DISTRICT 233 )<br>    Serve Registered Agent: )<br>    Dr. Brent Yeager, Superintendent )<br>    14160 Black Bob Rd. )<br>    Olathe, KS 66063 )<br>        **Defendant.** ) | Case No. 22-CV-2008 _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff H.J., a minor, by and through her natural mother and duly appointed Next Friend, by and through her undersigned counsel, and for her causes of action against Defendant, hereby states and alleges as follows:

### PLAINTIFF

1. At the time of the negligent acts complained of herein, and at all times mentioned, Plaintiff H.J. was an individual under the age of eighteen (18) years, residing with her parents in Olathe, Johnson County, Kansas.

2. Shannon Leeper is the natural mother of minor H.J., and, as such, is a proper party to be appointed by the Court as Plaintiff H.J.'s Next Friend for the purpose of pursing her causes of action against the above-named Defendant.

3. An application for appointment of Shannon Leeper as Next of Friend of H.J. has been filed concurrently with this Complaint.

## **DEFENDANT OLATHE UNIFIED SCHOOL DISTRICT 233**

4.  At the time of the acts and occurrences complained of herein, and at all times mentioned, Defendant Olathe Unified School District 233 (hereinafter "Defendant USD 233"), operated a public school district in Johnson County, Kansas that included various high schools, middles schools, elementary schools, and preschools, including Meadow Lane Elementary and Countryside Elementary.

5.  At the time of the acts and occurrences complained of herein, and at all times mentioned, Defendant USD 233 was a place of public accommodation within the meaning of the Title IX.

6.  At the time of the acts and occurrences complained of herein, and at all times mentioned, Defendant USD 233 was acting by and through its actual, ostensible, and/or apparent agents and employees, including, by not limited to, its school board, administrators, principals, teachers, and various other employees and staff in providing educational benefits and opportunities to students, including Plaintiff H.J.

7.  At the time of the negligent acts complained of herein, and at all times relevant, Defendant USD 233 was acting by and through its actual, ostensible, and/or apparent agents and employees, including, by not limited to, its school board, administrators, principals, teachers, and various other employees and staff, who were acting within the course and scope of their agency or employment in providing educational benefits and opportunities to students, including Plaintiff H.J.

## **VENUE AND JURISDICTION**

8.  This Court has federal question jurisdiction of this matter, pursuant to 28 U.S.C. §1331 and 1343 because Plaintiff seeks relief under Title IX of the Civil Rights Act of 1964 and the Education Amendments of 1972, 20 U.S.C. §1681-1688 (hereinafter "Title IX").

9. Venue is proper in this Court pursuant to 28 U.S.A. §1391 as the events or omissions giving rise to Plaintiff's claim occurred within the District of Kansas, and the Defendant resides within the District of Kansas.

## FACTS COMMON TO ALL COUNTS

10. In 2011, Defendant USD 233 employed James Loganbill as a sixth-grade teacher at Countryside Elementary.

11. In 2011, Defendant USD 233 received numerous complaints from students, parents and teachers regarding Mr. Loganbill engaging in sexual harassment and other inappropriate behavior that created a hostile environment.

12. According to the reports, Mr. Loganbill was taking pictures of female students; hanging pictures of female students on his computer; having private meetings with female students in a closed back room where he offered them treats; writing "love letters" to female students; staring for prolonged periods at female students; inviting female students to have lunch with him alone; displaying evidence of sexually charged, preferential treatment of particular female students; and engaging in other sexual harassment and inappropriate behaviors.

13. These behaviors were reported by students and parents of students to the principal at Countryside Elementary.

14. Moreover, these behaviors were reported by a Countryside Elementary teacher to Defendant USD 233's administrators and officials.

15. The principal, administrators and officials of Defendant USD 233 had authority to institute necessary corrective measures on the district's behalf.

16. An investigation into the reports was conducted, which found the complaints meritorious.

17. Rather than terminating Mr. Loganbill for engaging in these sexually charged, inappropriate behaviors, Defendant USD 233 merely moved him to Meadow Lane Elementary to teach fourth grade at that school.

18. Accordingly, Defendant USD 233 showed a complete indifference to its employee's sexual harassment and sexually charged, inappropriate behaviors towards its students and the hostile environment that created.

19. In 2018, Plaintiff H.J. was a student of Mr. Loganbill's fourth grade class.

20. From that time until the time of his resignation on March 11, 2020, Mr. Loganbill sexually harassed Plaintiff H.J. by, among other things, secretly taking pictures of H.J. for his personal, sexual gratification; inappropriately touching her; inappropriately hugging H.J. for his own gratification; violating appropriate teacher-student boundaries; attempting to groom her so she would seek his attention; and otherwise engaging in sexual harassment and sexually motivated, inappropriate behaviors.

21. Mr. Loganbill's sexual harassment was sufficiently severe, persistent and pervasive, so as to limit Plaintiff H.J.'s ability to participate in or benefit from the education programs, and created a hostile educational environment for Plaintiff H.J.

22. Defendant USD 233 maintained or should have maintained a policy or policies that specifically prohibited the conduct that Mr. Loganbill engaged in.

23. Defendant USD 233, by and through its school board, administrators, principals, teachers, and employees and staff, had a duty to protect its students from sexual harassment.

24. Further, Defendant USD 233, by and through its school board, administrators, principals, teachers, and employees and staff, had a duty to ensure its students had access to educational benefits or opportunities provided by the school.

25. But, Defendant USD 233 acted with deliberate indifference to the sexual harassment perpetrated by its teacher.

26. As a direct and proximate result of Defendant's acts and omissions, including the acts and omissions of Defendant's school board, administrators, principals, teachers, and employees and staff, Plaintiff H.J. suffered, and will continue to suffer, mental pain and suffering, emotional distress, extreme mental anguish, anxiety, depression, loss of trust, and loss of self-worth.

27. Moreover, as a direct and proximate result of Defendant's acts and omissions, Plaintiff H.J.'s ability to be actively engaged in schoolwork has been severely impacted, thus depriving her of access to educational opportunities.

### COUNT I – VIOLATION OF TITLE IX OF THE CIVIL RIGHTS ACT OF 1964 & EDUCATION AMENDMENTS OF 1972
**Plaintiff v. Defendant**

28. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 27 above.

29. At all times relevant, Defendant USD 233 operated a public school and place of public accommodation that received federal funding.

30. Title IX prohibits sexual harassment of students, including teacher-on-student harassment, in any school that receives federal funding.

31. The sexual harassment of Plaintiff H.J., as described above, was so severe, pervasive, and objectively offensive that it deprived H.J. of access to educational opportunities or benefits provided by Defendants.

32. Defendants were deliberately indifferent to Plaintiff H.J.'s safety, to known acts of harassment in its programs and/or activities, including those committed by its employee, Mr. Loganbill.

33. Defendant's violations of Title IX directly caused, or directly contributed to cause the aforementioned damages suffered by Plaintiff H.J.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant USD 233 for such damages as are fair and reasonable in excess of $75,000.00, together with her costs and fees, and for such other and further relief as the Court deems just and proper under the circumstances.

## REQUEST FOR A JURY TRIAL

Plaintiff hereby requests a trial by jury on all counts.

        **Respectfully submitted,**

        **BARTIMUS FRICKLETON**
        **ROBERTSON RADER, P.C.**

        **BY:** */s/Mike Meyer*
        **MIKE MEYER    KS #24413**
        **4000 W. 114TH ST., SUITE 310**
        **LEAWOOD, KS 66211-2298**
        **(913) 266-2300**
        **(913) 266-2366    FAX**
        mmeyer@bflawfirm.com

        **ATTORNEY FOR PLAINTIFF**